**Eric Demetras FLOWERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–00176–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 14, 1996.

Discretionary Review Refused July 31, 1996.

Robert Morrow, Houston, for Appellant.

John B. Holmes, Houston, for Appellee.

Before HEDGES, MIRABAL and PRICE,[1] JJ.

## OPINION

HEDGES, Justice.

Appellant Eric Demetras Flowers was charged by indictment with capital murder and pled not guilty. A jury found him guilty of aggravated kidnapping and assessed punishment at 99-years confinement. In two points of error, he contends that the trial court committed reversible error by failing (1) to submit a mitigating jury instruction raised by the evidence, and (2) to inform the prospective jurors during voir dire that a sentence of life imprisonment is mandatory upon conviction of a capital felony. We affirm.

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Hous-

## FACTS

On November 30, 1993, two men in a black car were observed chasing a cab driver in a cab van. The pursuers were identified by a witness as Jay and Eric (appellant). When the cab ran into a ditch, the men got out of the black car and went over to the driver of the cab. Jay put a gun to the cab driver's head and told him to give them all his money. The two men then forced the driver to get into the front seat of the black car. Appellant got in the back seat and held the cab driver from behind. They then left the site.

Jay drove to Sunnyside Park, stopped the car, and demanded that the cab driver give them all his money. After taking the money, Jay and the cab driver got out of the car. Appellant got into the front seat of the car. As Jay came around the front of the car, the cab driver started walking backwards with his face towards Jay. Jay abruptly shot the cab driver and hurriedly left with appellant. The cab driver died at the scene.

Ms. Stephanie McMillan, a witness for the State, testified that she saw the initial chase and abduction of the cab driver and that appellant was one of the two men in the black car. She also testified that appellant helped pull the cab driver from his cab and held the cab driver from the back seat of the black car. Houston Police Sgt. James Ladd confirmed Ms. McMillan's identification (from a photo spread) of appellant as one of the two abductors. Appellant and several of his witnesses testified that he was at home with his grandmother on the night the cab driver was abducted and murdered. The jury was charged on the offenses of capital murder, aggravated kidnapping, and aggravated robbery. It returned a finding of guilty of aggravated kidnapping. At the punishment phase of the trial, the jury sentenced appellant to 99-years confinement.

## ADMONISHMENT ON MANDATORY SENTENCE

In point of error two, appellant complains that the trial court erred when it failed

ton, participating by assignment.

to inform the prospective jurors that appellant would be sentenced to life in prison if he was convicted for capital murder. Appellant argues that this error violates his rights of due process in jury selection and that the error is not subject to a harmless error analysis.

### Section 12.31(b) of the Texas Penal Code

Section 12.31(b) of the Texas Penal Code provides:

> In a capital felony trial in which the state does not seek the death penalty, prospective jurors shall be informed that the state is not seeking the death penalty and that a sentence of life imprisonment is mandatory on conviction of the capital felony.

TEX.PENAL CODE ANN. § 12.31(b) (Vernon 1994).[2]

This section does not require that the *trial court* inform the prospective jurors of the consequences of conviction of a capital felony, only that the jurors be told by someone, be it the court, the State, or the defendant. Appellant's counsel made no attempt to so inform the jury, and he was not prevented from doing so. Appellant did not point out the omission to the trial court. He cannot now argue for the first time on appeal that the omission was error. Furthermore, the alleged error by the court did not result in harm to appellant because the jury rejected the charge on capital murder and found appellant guilty of aggravated kidnapping.

*We overrule point of error two.*

The discussion of the remaining issue and point of error does not meet the criteria for publication, and we order that the remaining portion of this opinion not be published. TEX.R.APP.P. 90.

We affirm the judgment.

---

**2.** This statute is applicable to appellant because he was indicted and tried for capital murder, along with the offenses of aggravated kidnapping and aggravated robbery, and the State did not seek the death penalty.