

# NUMBER 13-22-00302-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MONTE ERIC JORDAN A/K/A
JONATHAN CHRISTOPHER MCCONELL
A/K/A JONATHAN CHIRS MCCONELL
A/K/A CHRIS MCCONELL,                                      Appellant,

v.

THE STATE OF TEXAS,                                       Appellee.

### On appeal from the 404th District Court
### of Cameron County, Texas.

# OPINION

### Before Justices Tijerina, Silva, and Peña
### Opinion by Justice Tijerina

A jury convicted appellant Monte Eric Jordan a/k/a Jonathan Christopher McConell

a/k/a Jonathan Chirs McConell a/k/a Chris McConell of capital murder, and the trial court

sentenced him to life imprisonment without parole. *See* TEX. PENAL CODE ANN. § 19.03;

TEX. CODE CRIM. PROC. ANN. art. 37.071. By his sole issue, appellant argues the trial court erred by "not inform[ing] prospective [sic] jurors of the punishment under" § 12.31 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 12.31. We affirm as modified.

## I.    PERTINENT FACTS

On June 16, 2022, a jury convicted appellant of capital murder in the course of committing or attempting to commit the offense of kidnapping, or in the course of committing or attempting to commit the offense of retaliation, as charged in the indictment. The trial court imposed a mandatory life sentence without parole. *See* TEX. CODE CRIM. PROC. ANN. art. 37.071, § 1(a) ("If a defendant is found guilty in a capital felony case in which the state does not seek the death penalty, the judge shall sentence the defendant to life imprisonment or to life imprisonment without parole as required by [§] 12.31, Penal Code.").

During voir dire, the following transpired:

[The State]:  In capital murder cases, right, if you find that Mr. Jordan committed capital murder beyond a reasonable doubt, there are only two outcomes: Life in prison without parole or the death penalty. Right? In this case, the State is not seeking the death penalty, right? So as far as—that's what I was trying to tell you—as far as the death penalty goes, you will not have to worry about that in this case.

. . . .

[The State]:  So when we get, I believe we will, when we get to that stage, if he's guilty of capital murder, there is no punishment phase. Remember I told you, if you are guilty of capital murder and you are over the age of 18, there's only two options. You get put the [sic] death or you get sentenced to life in prison without parol[e]. We have elected not to seek the death penalty in this case. So that means if Mr. Jordan is convicted of capital

2

murder, there is no punishment for you to have to worry about.

## II.     PRESERVATION OF ERROR

By his sole issue, appellant argues that the trial court committed structural error by failing to inform prospective jurors that the State was not seeking the death penalty and that the sentence of life imprisonment without parole was mandatory upon a conviction of capital murder in accordance with § 12.31.

Section 12.31(b) provides that when the State does not seek the death penalty in a capital felony trial, prospective jurors shall be informed that the State is not seeking the death penalty and that a sentence of life imprisonment without parole is mandatory if the defendant is convicted. *See* TEX. PENAL CODE ANN. § 12.31. The record reflects that the trial court did not instruct the jurors pursuant to § 12.31. However, appellant did not object to the State's assertion during voir dire or request that the trial court give such an instruction. "As a prerequisite for presenting a complaint for appellate review, rule of appellate procedure 33.1(a) requires a timely objection with sufficient specificity to make the trial court aware of the complaint." *Murkledove v. State*, 437 S.W.3d 17, 26–27 (Tex. App.—Fort Worth 2014, pet. ref'd) (holding that a complaint "that the trial court erred by not instructing the potential jurors that a sentence of life without parole is mandatory upon a conviction of a capital felony" was not preserved for appellate review where appellant "did not object or request that the trial court give such an instruction"); *see Smith v. State*, 420 S.W.3d 207, 214 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (determining that the appellant's failure to request that the trial court instruct the jury panel pursuant to § 12.31(b) forfeited an appellate complaint); *Flowers v. State*, 959 S.W.2d 644, 646 (Tex.

App.—Houston [1st Dist.] 1996, pet. ref'd) ("Appellant did not point out the [§ 12.31] omission to the trial court. He cannot now argue for the first time on appeal that the omission was error."); *see also* TEX. R. APP. P. 33.1(a) (providing that "[a]s a prerequisite to presenting a complaint for appellate review," an objection must be made to the trial court); *Ramirez v. State*, No. 13-10-00205-CR, 2012 WL 170996, at *10 (Tex. App.—Corpus Christi–Edinburg Jan. 19, 2012, pet. ref'd) (mem. op., not designated for publication) (explaining that the complaint that "the trial court failed to properly inform the jury panel during voir dire regarding the mandatory punishment for capital murder" was not preserved when the defendant "made no objections" in the trial court); *Barradas v. State*, No. 05-14-01271-CR, 2015 WL 6157169, at *4 (Tex. App.—Dallas Oct. 20, 2015, no pet.) (mem. op., not designated for publication) ("Barradas did not lodge her [§ 12.31] objection in the trial court [] and has waived this complaint for appeal."); *Anderson v. State*, No. 01-94-00568-CR, 1995 WL 717033, at *5 (Tex. App.—Houston [1st Dist.] Dec. 7, 1995, pet. ref'd) (mem. op., not designated for publication) ("Because appellant made no objection about the trial court's failure to comply with [§] 12.31(b), he preserved nothing for review."). In *Ramirez*, we held that because "Ramirez made no objections that the State misinformed the jury about the mandatory punishment," he "preserved nothing for our review." *Ramirez*, 2012 WL 170996, at *10. Because appellant made no objections that the trial court did not advise the jury about the mandatory punishment, he preserved nothing for our review. *Murkledove*, 437 S.W.3d at 27; *Smith*, 420 S.W.3d at 214; *Flowers*, 959 S.W.2d at 646; *see also Ramirez*, 2012 WL 170996, at *10. Accordingly, we overrule appellant's sole issue.

4

### III. MODIFICATION OF JUDGMENT

The nunc pro tunc judgment for the conviction of capital murder does not include the statute for offense of Texas Penal Code 19.03. We modify the judgment to recite the statute for offense: Texas Penal Code 19.03. *See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (noting that we have the power to modify a judgment to speak the truth when we are presented with the necessary information to do so).

### IV. CONCLUSION

We affirm, as modified, the judgment of the trial court.

JAIME TIJERINA
Justice

Publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
13th day of July, 2023.