

# NUMBER 13-22-00302-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MONTE ERIC JORDAN A/K/A
JONATHAN CHRISTOPHER MCCONELL
A/K/A JONATHAN CHIRS MCCONELL
A/K/A CHRIS MCCONELL,**             **Appellant,**

**v.**

**THE STATE OF TEXAS,**             **Appellee.**

---

### On appeal from the 404th District Court
### of Cameron County, Texas.

---

# OPINION

### Before Justices Tijerina, Silva, and Peña
### Opinion by Justice Tijerina

On July 13, 2023, this Court affirmed the conviction of capital murder of appellant

Monte Eric Jordan a/k/a Jonathan Christopher McConell a/k/a Jonathan Chirs McConell

a/k/a Chris McConell. *See McConell v. State*, No. 13-22-00302-CR, 2023 WL 4496734,

at *1 (Tex. App.—Corpus Christi–Edinburg July 13, 2023, no pet. h.). Appellant has now filed a motion for rehearing requesting that we consider an argument he raises for the first time. Appellant urges us to abandon the presumption "that Texas Courts would not make a finding of structural error until the United States Supreme Court first found a matter to be structural error," and asks us "to review this case for structural error," relying on *Rios v. State*, 665 S.W.3d 467, 485–86 (Tex. Crim. App. 2022). We deny the motion, withdraw our prior opinion and judgment, and substitute this opinion and judgment.[1]

A jury convicted appellant of capital murder, and the trial court sentenced him to life imprisonment without parole. *See* TEX. PENAL CODE ANN. § 19.03; TEX. CODE CRIM. PROC. ANN. art. 37.071. By his sole issue, appellant argues the trial court erred by "not inform[ing] prospective [sic] jurors of the punishment under" § 12.31 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 12.31. We affirm as modified.

## I.    PERTINENT FACTS

On June 16, 2022, a jury convicted appellant of capital murder in the course of committing or attempting to commit the offense of kidnapping, or in the course of committing or attempting to commit the offense of retaliation, as charged in the indictment. The trial court imposed a mandatory life sentence without parole. *See* TEX. CODE CRIM. PROC. ANN. art. 37.071, § 1(a) ("If a defendant is found guilty in a capital felony case in which the state does not seek the death penalty, the judge shall sentence the defendant to life imprisonment or to life imprisonment without parole as required by [§] 12.31, Penal Code.").

---

[1] Appellant also filed a motion for en banc reconsideration, which we dismiss as moot.

During voir dire, the following transpired:

> [The State]: In capital murder cases, right, if you find that Mr. Jordan committed capital murder beyond a reasonable doubt, there are only two outcomes: Life in prison without parole or the death penalty. Right? In this case, the State is not seeking the death penalty, right? So as far as—that's what I was trying to tell you—as far as the death penalty goes, you will not have to worry about that in this case.

> . . . .

> [The State]: So when we get, I believe we will, when we get to that stage, if he's guilty of capital murder, there is no punishment phase. Remember I told you, if you are guilty of capital murder and you are over the age of 18, there's only two options. You get put the [sic] death or you get sentenced to life in prison without parol[e]. We have elected not to seek the death penalty in this case. So that means if Mr. Jordan is convicted of capital murder, there is no punishment for you to have to worry about.

## II.    PRESERVATION OF ERROR

By his sole issue, appellant argues that the trial court committed structural error by failing to inform prospective jurors that the State was not seeking the death penalty and that the sentence of life imprisonment without parole was mandatory upon a conviction of capital murder in accordance with § 12.31.

Section 12.31(b) provides that when the State does not seek the death penalty in a capital felony trial, prospective jurors shall be informed that the State is not seeking the death penalty and that a sentence of life imprisonment without parole is mandatory if the defendant is convicted. *See* TEX. PENAL CODE ANN. § 12.31. The record reflects that the trial court did not instruct the jurors pursuant to § 12.31. However, § 12.31(b) is a "statutory right," so any alleged error abrogating that statutory right is nonconstitutional

3

error, and thus, not structural. *See Murkledove v. State*, 437 S.W.3d 17, 27 (Tex. App.—Fort Worth 2014, pet. ref'd) ("The right protected by [§] 12.31(b) is the statutory right to have the prospective jurors informed that the State is not seeking the death penalty and that a sentence of life imprisonment without parole is mandatory upon conviction of the capital offense."); *see also Murphy v. State*, No. PD-0798-08, 2009 WL 3368693, at *5 (Tex. Crim. App. Oct. 21, 2009) (mem. op., not designated for publication) ("The trial court's error abrogated [§ 12.31's] statutory right."); *Murphy v. State*, No. 01-07-00174-CR, 2008 WL 963047, at *11 (Tex. App.—Houston [1st Dist.] Apr. 10, 2008), *aff'd*, No. PD-0798-08, 2009 WL 3368693 (Tex. Crim. App. Oct. 21, 2009) ("When only a statutory violation is claimed, as [a § 12.31 violation] here, the error must be treated as non-constitutional for the purpose of conducting a harm analysis."); *McCluer v. State*, No. 14-09-00058-CR, 2010 WL 1438957, at *9 (Tex. App.—Houston [14th Dist.] Apr. 13, 2010, pet. ref'd) (finding a failure to fulfill the requirements of § 12.31 is "nonconstitutional error").

Similarly, this Court, as well as our sister courts, has held that a § 12.31 nonconstitutional error requires that a defendant lodge an objection in the trial court. *See Murkledove*, 437 S.W.3d at 26–27 (complaint "that the trial court erred by not instructing the potential jurors that a sentence of life without parole is mandatory upon a conviction for a capital felony" was not preserved for appellate review where appellant "did not object or request that the trial court give such an instruction"); *Smith v. State*, 420 S.W.3d 207, 214 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (holding the failure to request that the trial court instruct the jury panel pursuant to § 12.31(b) forfeited an appellate

4

complaint); *Flowers v. State*, 959 S.W.2d 644, 646 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) ("Appellant did not point out the [§ 12.31] omission to the trial court. He cannot now argue for the first time on appeal that the omission was error."); *see also Ramirez v. State*, No. 13-10-00205-CR, 2012 WL 170996, at *10 (Tex. App.—Corpus Christi–Edinburg Jan. 19, 2012, pet. ref'd) (mem. op., not designated for publication) (holding the complaint that "the trial court failed to properly inform the jury panel during voir dire regarding the mandatory punishment for capital murder" was not preserved when the defendant "made no objections" in the trial court); *Barradas v. State*, No. 05-14-01271-CR, 2015 WL 6157169, at *4 (Tex. App.—Dallas Oct. 20, 2015, no pet.) (mem. op., not designated for publication) ("Barradas did not lodge her [§ 12.31] objection in the trial court, and has waived this complaint for appeal."); *Anderson v. State*, No. 01-94-00568-CR, 1995 WL 717033, at *5 (Tex. App.—Houston [1st Dist.] Dec. 7, 1995, pet. ref'd) ("Because appellant made no objection about the trial court's failure to comply with [§] 12.31(b), he preserved nothing for review."); *cf. Rios*, 665 S.W.3d at 477 (explaining that there are systemic rights, waivable-only rights, and forfeitable rights, and finding that the "right to a jury trial is a waivable-only right," which "can be argue[d] for the first time on direct appeal").

The record reflects that appellant did not object or request that the trial court instruct the jurors pursuant to § 12.31. As a prerequisite for presenting a complaint for appellate review, rule of appellate procedure 33.1(a) requires a timely objection with sufficient specificity to make the trial court aware of the complaint." See *Murkledove*, 437 S.W.3d at 26–27; *see also Ramirez*, 2012 WL 170996 ("Ramirez made no objections that

5

the State misinformed the jury about the mandatory punishment. He has therefore preserved nothing for our review."). Because appellant made no objection in the trial court and because we conclude that § 12.31 secures a "forfeitable" right rather than a "systemic requirement," *see Rios*, 665 S.W.3d at 476, appellant preserved nothing for our review. *Ramirez*, 2012 WL 170996, at *10. Accordingly, we overrule appellant's sole issue.

### III. MODIFICATION OF JUDGMENT

The nunc pro tunc judgment for the conviction of capital murder does not include the statute for the offense of Texas Penal Code 19.03. We modify the judgment to recite the statute for offense: Texas Penal Code 19.03. *See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (noting that we have the power to modify a judgment to speak the truth when we are presented with the necessary information to do so).

### IV. CONCLUSION

We affirm, as modified, the judgment of the trial court.

JAIME TIJERINA
Justice

Publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
28th day of September, 2023.

6